UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CV-21994-GAYLES/TORRES

JUANA TIMOTEA SALAZAR MORA,

    Plaintiff,

v.

MONICA A. VENEGAS

    Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION FOR CHARGING ORDER**

This cause comes before the Court on Plaintiff, Juana Timotea Salazar Mora's ("Ms. Mora") Motion for Charging Order Against Defendant, Monica A. Venegas ("Ms. Venegas"), and her interest in Venegas International Group, LLC ("Venegas International"). [D.E. 43]. Ms. Venegas has not filed a response to the Motion, and the time to do so has passed. The Motion, therefore, is ripe for disposition.[1] After careful review of the Motion and relevant authorities, and for the reasons set forth below, Ms. Mora's Motion is **GRANTED**.

---

[1] On January 6, 2025, the Honorable Darrin P. Gayles referred all post-judgment matters to the Undersigned Magistrate Judge for disposition. [D.E. 63].

1

## I.  BACKGROUND

Ms. Mora brought this action on May 30, 2023, for several employment related violations. On October 4, 2024, the Court entered a Final Default Judgment in Ms. Mora's favor in the amount of $291,000.00. [D.E. 42]. Ms. Venegas has purportedly satisfied only $6,000.00 of that judgment, which leaves $285,000.00 unsatisfied. Consequently, on December 23, 2024, Ms. Mora filed the pending Motion, which seeks to procure a charging order against Ms. Venegas's interest in Venegas International. According to Ms. Mora, Ms. Venegas owns a membership interest in Venegas International, and thus Ms. Mora seeks an order charging Ms. Venegas's distributions and profits from the LLC towards the satisfaction of Ms. Mora's judgment. That is, Ms. Mora requests that "any and all distributions, transfers, amounts owed and/or payable to [Ms.] Venegas, by or on behalf of [Venegas International], … be paid to the Judgment Creditor." [D.E. 43 at 4].

## II.  ANALYSIS

Under Rule 69, courts must look both to the Federal Rules of Civil Procedure and the Florida Rules of Civil Procedure to govern the execution process. Specifically, Rule 69 provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located …." Fed. R. Civ. P. 69(a)(1). The Florida Limited Liability Company Act, meanwhile, governs a judgment creditor's levy or seizure of a judgment debtor's membership interest in an LLC. Specifically, "[o]n application to a court of competent jurisdiction by a judgment creditor of a

member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest." Fla. Stat. § 605.0503(1). In fact, to create a lien on a judgment debtor's LLC interest—including any proceeds thereof—Fla. Stat. § 605.00503 provides that the judgment creditor's "sole and exclusive remedy" is to obtain a charging order. The charging order "constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor." Fla. Stat. § 605.0503(1).

Here, Ms. Mora has put forth unrebutted argument, corroborated by Sunbiz, that Ms. Venegas has a membership interest in an LLC (Venegas International). Ms. Mora has further put forth uncontroverted argument that Ms. Venegas is yet to fully satisfy the outstanding judgment. Thus, under section 605.0503(1), the Court is authorized "to enter a charging order against [Ms. Venegas's] transferable interest," and to require "[Venegas International] to pay over to the judgment creditor any distribution that would otherwise be paid to the judgment debtor." *Kostoglou v. Fortuna*, 290 So. 3d 924, 925 (Fla. 4th DCA 2020) (citing *Panksy v. Barry S. Franklin & Assocs., P.A.,* 264 So. 3d 961, 962 (Fla. 4th DCA 2019)); *see also McClandon v. Dakem & Assocs., LLC*, 219 So. 3d 269, 271 (Fla. 5th DCA 2017) ("Under . . . section 605.0503, the charging order entered by the court should have … directed the LLCs to divert [the debtor's] rights to the LLCs' profits and distributions to [the creditor]."); *Capstone Bank v. Perry-Clifton Enters., LLC*, 230 So. 3d 970, 971 (Fla.

1st DCA 2017) ("A charging order is a remedy that a creditor of a member in an LLC . . . can receive from a court that instructs the entity to give the creditor any distributions that would otherwise be paid to the . . . member from the entity.") (citation and quotation marks omitted).

Accordingly, because Ms. Mora has put forth uncontroverted argument that (1) Ms. Venegas has a membership interest in an LLC, and (2) Ms. Venegas has yet to satisfy Ms. Mora's judgment, Ms. Mora's motion for a charging order is granted. *See Walter Auto Loan Tr. v. Atl. Acceptance Corp.*, No. 23-CV-80007, 2024 WL 4504715, at *2 (S.D. Fla. Sept. 26, 2024), *report and recommendation adopted*, 2024 WL 4502305 (S.D. Fla. Oct. 16, 2024) ("The Sunbiz records list Mr. Rochefort as a title manager of Propertytours.tech LLC, BNB Landlord LLC and RNTLIQ L.L.C, and as an authorized member of Beach Lighthouse LLC. Given the unsatisfied Final Judgment and Mr. Rochefort's interest in the LLCs, a charging order should be entered."); *see also Comerica Bank v. Everglades Dressage, LLC*, No. 20-CIV-81360, 2023 WL 3871811, at *2–3 (S.D. Fla. May 24, 2023), *report and recommendation adopted*, 2023 WL 3868233 (S.D. Fla. June 7, 2023) ("According to records filed with the Florida Department of State's Division of Corporations (also known as Sunbiz2), Hurlingham LLC was organized on November 22, 2021, during the pendency of these proceedings, and Rosalie Peslar is listed as Hurlingham LLC's sole registered agent and Manager. Also, during these proceedings, Ms. Peslar quit-claimed her residence located at 2828 Hurlingham Drive, Wellington, FL, 33414 to Hurlingham LLC. Plaintiff asserts that Ms. Peslar is the sole member of Hurlingham LLC, and Ms.

Peslar has not responded to dispute this allegation. In light of the above evidence, there exists a factual basis for recommending the entry of a charging order."); *Living Tree Lab'ys, LLC v. United Healthcare Servs., Inc.*, No. 16-CV-24680, 2022 WL 17330953, at *1 (S.D. Fla. Nov. 11, 2022), *report and recommendation adopted*, 2022 WL 17324588 (S.D. Fla. Nov. 29, 2022) ("According to records filed with the Florida Department of State's Division of Corporations, Moshe Dunoff is listed as a title member of Dunoff Holdings. Considering this evidence, the undersigned has a factual basis for recommending the entry of a charging order. Accordingly, the Court recommends that any and all distributions, transfers, amounts owed and/or payable to Moshe Dunoff, by or on behalf of Dunoff Holdings, shall be paid to the Judgment Creditors ….").

### III.  CONCLUSION

For the reasons set forth above, Ms. Mora's Motion [43] is **GRANTED**. Any and all distributions, transfers, amounts owed, and/or payable to Monica A. Venegas, by or on behalf of Venegas International Group, LLC, shall be paid to the judgment creditor (Juana Timotea Salazar Mora) c/o her counsel in this action, Walter J. Tache, Esq., Tache, Bronis and Descalzo, P.A., 150 S.E. 2nd Avenue, Suite 600, Miami, FL 33131.

Within three days of the entry of this Order, Ms. Mora must serve a copy of this Order on Venegas International Group, LLC and certify compliance on the record.

**DONE and ORDERED** in Chambers at Miami, Florida this 8th day of January, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge